UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| PAUL TURNER,<br><br>Plaintiff,<br><br>v.<br><br>IMPD Officer Williams,<br>PROSECUTOR'S OFFICE,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 1:26-cv-00818-TWP-MG |

**ORDER DISMISSING ACTION AND DIRECTING ENTRY OF FINAL JUDGMENT**

Plaintiff Paul Turner alleged in this case that the Indianapolis Metropolitan Police Department ("IMPD") and the Marion County Prosecutor's office "failed him" on several occasions. The Court's screening order at Docket No. 23 dismissed the operative complaint pursuant to 28 U.S.C. § 1915A. The screening order explained that he had not stated a claim against either defendant. The plaintiff was given a period of time in which to file an amended complaint that would cure the deficiencies identified in the Court's order. Dkt. 23 at 4. The Court also warned the plaintiff that "if no amended complaint is filed, this action will be dismissed without further notice or opportunity to show cause." *Id*.

The plaintiff did not file an amended complaint but filed several documents in which he appears to challenge a state court prosecution against him. The plaintiff has not shown that the dismissal of his complaint was incorrect. For the reasons stated in the Court's screening order, the plaintiff's allegations are insufficient to state a claim. *Id*. at 2-3. Therefore, this action is **dismissed for failure to state a claim upon which relief can be granted**. 28 U.S.C. § 1915A; *see also Childress v. Walker*, 787 F.3d 433, 441 (7th Cir. 2015); *Paul v. Marberry,* 658 F.3d 702, 705 (7th Cir. 2011).

Also, because this case is being dismissed for failure to state a claim, the plaintiff is warned that it may constitute a "strike" under 28 U.S.C. § 1915(g), which limits a prisoner's ability to proceed *in forma pauperis* after having three cases or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See Hill v. Madison Cty., Ill.*, 983 F.3d 904, 906 (7th Cir. 2020) ("It makes good sense for a judge who believes a dismissal to come within the scope of § 1915(g) to include notice to that effect," even though later courts must make the conclusive determination of whether each prior dismissal meets the statutory definition).

Final judgment shall now issue.

**IT IS SO ORDERED.**

Date: September 16, 2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

PAUL TURNER
10008 Meadowlark Manor
Indianapolis, IN 46235